Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| HUGO NÚÑEZ CASTRO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400497 | *Revisión* Administrativa Procedente del Departamento de Corrección y Rehabilitación<br><br><br><br>Solicitud de Reconsideración GMA1000-1194-24 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

El 6 de septiembre de 2024 compareció por derecho propio el *Sr. Hugo Núñez Castro* (en adelante; "Núñez Castro" o "recurrente") mediante el recurso de revisión judicial epígrafe. Nos solicita que atendamos el asunto de su traslado a la Institución 501 de Bayamón.

Con el propósito de lograr el más justo y eficiente despacho de los procedimientos, prescindimos de solicitar la comparecencia del *Departamento de Corrección y Rehabilitación* (en adelante; "DCR"), a tenor con la Regla 7 (B)(5) del Reglamento de este Tribunal apelativo,[1] y procedemos a **desestimar** el presente recurso de revisión por tratarse de una resolución que no es final.

**-I-**

Surge del expediente ante nos, que el señor Núñez Castro se

---

[1] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.7(B)(5).

encuentra confinado en la Institución Guayama 1000. Mediante la solicitud número **GMA1000–194–24**, el recurrente le solicitó al DCR su traslado a la Institución 501 de Bayamón, esto con el fin de que su núcleo familiar le pueda visitar.[2]

En respuesta, el **29 de mayo de 2024** el *Comité de Clasificación y Tratamiento del DCR* (en adelante: "Comité") evaluó el plan institucional del recurrente.[3] Acordó que: *"[s]e le solicita traslado a Bayamón 501, Ponce 1000 o Aguadilla Guerrero"*.[4] El fundamento para tomar dicho acuerdo fue: *"1. Para mejor ubicación según nivel de custodia. Ingresa el 10 de abril de 2024 procedente de Guayama 500 por medidas de seguridad"*.[5]

A menos de un mes, el **27 de junio de 2024** el Comité evaluó el plan institucional del recurrente.[6] El acuerdo del Comité fue *"[s]e solicita traslado Bayam[ó]n 501"*.[7] Dicho acuerdo fue fundamentado en la petición del recurrente.

A pocos días, el **11 de julio de 2024** el DCR emitió la *"RESPUESTA DEL ÁREA CONCERNIDA/SUPERINTENDENTE"* a la solicitud **GMA1000–194–24**.[8] En síntesis, se le indicó que su petición de traslado fue enviada a San Juan para ser evaluada.

No obstante, el **9 de agosto de 2024**, el recurrente solicitó la reconsideración a la respuesta emitida.[9] En esencia, requirió la información del encargado de su caso para que el traslado no fuera un asunto "a ciegas".

El **29 de agosto de 2024** fue denegada la reconsideración instada.[10] Específicamente la *"RESPUESTA DE RECONSIDERACIÓN AL MIEMBRO DE LA POBLACIÓN CORRECCIONAL"*, indicó que:

---

[2] *Véase*; Anejo del Recurrente, págs. 1 – 2.
[3] Anejo del Recurrente, pág. 7.
[4] *Íd.*
[5] *Íd.*
[6] Anejo del Recurrente, pág. 8.
[7] *Íd.*
[8] *Véase*; Anejo del Recurrente, pág. 3.
[9] Anejo del Recurrente, pág. 4.
[10] Anejo del Recurrente, págs. 5 – 6.

> *[L]uego de evaluar la Solicitud de Reconsideración se determinó la modificación de la contestación del Área de Sociales.*
>
> *Sr. Núñez Castro, en su Solicitud de Remedio expresó su interés en ser trasladado. Se le informó que la Técnico de Servicios Sociopenales realizó la solicitud a la Oficina de Clasificación de Confinados. **Está en espera que dicha oficina tome una determinación en el caso**. [sic].[11]*

No conforme con la referida determinación, el señor Núñez Castro sometió el **6 de septiembre de 2024** el presente recurso de revisión judicial. Inferimos que el recurrente nos alega que el DCR incidió al no realizar su traslado a la Institución 501 de Bayamón.

-II-

A.

La Ley de la Judicatura de 2003 establece la facultad revisora de este Tribunal de Apelaciones.[12] Por lo que en el ámbito administrativo, la referida ley nos limita a examinar órdenes o resoluciones finales. En particular, el inciso (c) del Artículo 4.006, dispone que el Tribunal de Apelaciones conocerá: *"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas"*.[13]

De igual modo, la Regla 56 del Reglamento del Tribunal de Apelaciones limita nuestra jurisdicción revisora a determinaciones administrativas finales.[14]

Por otra parte, la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU) establece claramente que la agencia deberá emitir una orden o resolución final para que pueda ser objeto de revisión judicial en este Tribunal de Apelaciones.[15] A esos fines, dispone:

> *Una parte adversamente afectada por **una orden o resolución final de una agencia** y que haya agotado todos*

---

[11] *Íd.*, pág. 5.
[12] *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 *et seq.*
[13] 4 LPRA sec. 24y. Énfasis suplido.
[14] 4 LPRA Ap. XXII–B, R. 56.
[15] *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*

*los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o <u>resolución final</u> de la agencia** […].*[16]

Al respecto, el Tribunal Supremo de Puerto Rico ha definido una "orden o resolución final" de una agencia administrativa, como aquella que dispone del caso ante la agencia y tiene efectos de adjudicación y dispositivos sobre las partes.[17] "*Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias*".[18]

Por otra parte, cabe indicar que, para que una orden o resolución administrativa se considere final, debe contener determinaciones de hechos y conclusiones de derecho. En lo pertinente, la Sec. 3.14 de la LPAU dispone:

*La orden o resolución **deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación**, [y] la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.*[19]

Así, nuestra jurisprudencia ha sido muy clara en sus explicaciones con respecto a cuándo una resolución u orden administrativa es final —y por tanto revisable—. A saber:

*La [LPAU] contiene una descripción de lo que tiene que incluir una orden o resolución final; esto es, **requiere que incluya unas determinaciones de hecho, las conclusiones de derecho de la decisión**, una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, según sea el caso, y la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley.*[20]

**B.**

Por otra parte, es norma reiterada en nuestro ordenamiento que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la*

---

[16] 3 LPRA sec. 9672. Énfasis suplido.
[17] *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 545 (2006).
[18] *Íd.*
[19] 3 LPRA sec. 9654. Énfasis suplido.
[20] *ARPe v. Coordinadora,* 165 DPR 850, 867 (2005).

*tienen".*[21] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[22] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[23]

Un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[24] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[25] En consecuencia, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso a instancia de parte o por iniciativa propia, cuando carezcamos de jurisdicción para atenderlo.[26]

**-III-**

A tono con el tracto procesal antes reseñado, la solicitud del señor Núñez Castro para su traslado a la Institución 501 de Bayamón no ha sido resuelta por el DCR. Es decir, el recurrente fue evaluado por el Comité, y su petición, fue referida a la *Oficina de Clasificación de Confinados.* Por lo tanto, no se ha tomado ninguna decisión **final** de concederle o denegarle el traslado.

---

[21] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[22] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[23] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[24] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo*, supra, pág. 883.
[25] *Íd.*
[26] En particular, la referida Regla 83 del reglamento de este tribunal dispone, en lo pertinente:
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> . . . . . . . .
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
4 LPRA Ap. XXII-B, R. 83(B)(1) y (C).

Lo que sí el DCR le informó es *"que la Técnico de Servicios Sociopenales realizó la solicitud a la Oficina de Clasificación de Confinados. **Está en espera que dicha oficina tome una determinación en el caso"**.*

En conclusión, la Resolución recurrida no es una determinación final sujeta a ser escrutada en los méritos por este foro intermedio. Por lo tanto, desestimamos el presente recurso de revisión de revisión judicial por carecer de jurisdicción.

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones